## ALMS & DOEPKE CO v YOUNG et

Ohio Appeals, 1st Dist, Hamilton Co

No 4696. Decided April 1, 1935

Julius R. Samuels, Cincinnati, for plaintiff in error.

H. H. Helwig, Cincinnati, for defendants in error.

## OPINION

By HAMILTON, J.

The Alms & Doepke Company brought an action against· Young and Johnson in the Common Pleas Court, seeking to recover on a note in the sum of $1337.27, signed by Edwin Johnson and Grace Young. The case was tried to the court, a jury having been waived. The trial court, in deciding the case, filed separate statement of facts and conclusions of law.

The defense of Grace Young was, that Johnson was indebted to the ·Alms & Doepke Company in a sum in excess of $1200, and that he gave his note to the company for that amount; that later, Johnson and Young entered into a partnership for a merchandise store and made purchases of supplies from The Alms & Doepke Company, and an account was opened for goods supplied. Without knowledge on the part of Young, the company charged Johnson's note back into this account. Later, the note was presented, including Johnson's past due account and the current account; and claimed that she was induced to sign the note by duress and misrepresentation.

In a separate finding, the trial court found that in effect Grace Young had established the facts briefly stated in her defense, and as its conclusions of law found ·that· she was not liable for the amount in the ·note, represented by the prior debt of Johnson; that she was liable for the amount in her note for goods purchased by her, and found

that Grace Young was not liable· on the note in suit, for the reason that she signed the note under misrepresentation, and that she was under duress in signing the note.

Enough has been stated to show that the rights of· the parties were determined as brought out by the facts in the case, and the court sitting as a jury determined the facts, as previously stated, and it being the trier of the facts, the judgment is affirmed.

ROSS, PJ, concurs.

MATTHEWS, J, dissents.

## DISSENTING OPINION

By MATTHEWS, J. ·

There is a misconception on the part of the majority as to· some of the facts.

The defendants did not claim that a partnership existed between them at any time. What they claimed was, that Johnson was the sole owner of the store until January 6th, 1931, when he sold it to the defendant Young, who, thereafter, so they claimed, was the sole owner. It was the plaintiff in error who claimed that the defendant represented that they were· partners. There is no doubt that prior to January 6th, 1931, Johnson was the sole owner, and on that date he was indebted to the plaintiff in error in the sum of $1200.00 for goods sold and delivered, and this was represented by a promissory note signed by Johnson. On that date, he executed a bill of sale of the store to Young and in the bill of sale· was a covenant that the property was free of all incumbrances. Notwithstanding this purported sale, Johnson continued to take an active part in the conduct of the business, the defendants claiming that he was simply helping to conduct the business and the plaintiff claiming that regardless of the actual arrangement they represented that the relation was that of partners.

The defendants did not comply with the "Bulk Sales" law and the plaintiff knew nothing of any change of ownership until about three months later. The defendants continued to buy merchandise from ·the plaintiff and the total indebtedness increased until on October 18th, 1931 it amounted to $1337.27, on which date an agent of·the plaintiff demanded a note for the amount signed by both. · The demand was ·complied with and that.is the note upon which action was instituted.· .At the time. the ·note ·was demanded ·the agent said that unless the note was signed "He would close the store" and the trial court. found that the defend-

ant Young signed the note believing that if she did not sign it the store would be closed.

The plaintiff, about April 1st, 1931, made a notation on its books to the effect that the store was being operated by Johnson and Young as partners, and when Johnson's note given for merchandise purchased prior to January 6th, 1931, was not paid on maturity it was charged back to this account. The defendant Young knew nothing of the entries made by plaintiff in this account. There are other details, but these are the essential facts.

The defendant Young filed a general denial to the claim of the plaintiff and by way of cross-petition asked judgment against her co-defendant Johnson for misrepresenting that the store was free from debt, and in this cross-petition she incorporated an allegation that the plaintiff "by misrepresentation to her of the facts secured her signature to a note for which she received no consideration." That was the only reference in the pleading to misrepresentation by the plaintiff.

The trial court found as a matter of law upon these facts that the defendant Young was not liable on the note "for the reason that she signed the note under misrepresentation that if she did not sign the note the store would be closed, and that plaintiff had the then power to close the store, and that she was under duress in the signing of the note." The court did find she was liable on the account for a certain amount of merchandise purchased after January 6th, 1931, and rendered judgment against her therefor.

On these facts, is the defendant Young liable on this note? The trial court found as a matter of law that she was not and the majority concurs in that finding. Let us examine the finding.

In the first place, the trial court found that no liability exists on the note because of misrepresentation. What was that misrepresentation? Neither the pleadings nor the evidence disclose it. In the finding of facts it is said that: "The plaintiff's agent stated to her that if she did not sign it he would close the store" and that at that time the plaintiff was only a creditor without any lien upon the stock. Here it should be stated that an unsecured creditor by recourse to legal remedies could undoubtedly have subjected the stock to the payment of its claim and the only way the defendant Young could have prevented it was by compliance with the just claim of the plaintiff for payment or security. But regardless of this, the so-called misrepresenta-

tion related to the future. It was not a statement as to a past transaction or an existing fact. It was a statement of intention or, if it is preferred, a threat, but not a false pretense. There is no conflict in the law on this subject, which is summarized in 19 O. Jur., 355, as follows:

"There are, in most dealings, two kinds of representations or statements, one in reference to matters in their nature promissory, or resting in opinion, judgment or expectation, and the other in reference to facts as having actually occurred, or as really existing. To constitute actionable fraud or deceit, the misrepresentation must be of a fact at the time it is made, or of an existing, ascertainable fact, or one which had previously existed. And this rule applies as to fraud set up as a defense to the enforcement of a contract. A representation as to a future event is not fraudulent."

In the conclusions of law it is stated that the defendant Young signed the note under the additional misrepresentation that the plaintiff "had the then power to close the store." The finding of facts does not include this and there is no evidence to support it, unless the statement that he would close the store implied that he "had the then power." If an expression of intention or a threat of future action can be construed into a representation that there is a present ability so as to make it actionable, then the entire law declaring that such expressions of future action are insufficient foundation for an action or defense based on fraud is meaningless. I know of no case holding that an assertion of intention implies a representation of present ability to make good the assertion at a future time, and certainly no case basing a recovery for fraud upon any such ground. How could a person know now that he would or would not be able to accomplish a stated result at some time in the future? The nearest approach to a discussion of this subject is found in the cases in which it has been attempted to recover on the ground of fraud based upon promises. The result of these cases is summarized in 12 R.C.L., 254 and 255, as follows:

"Since a fraud must relate to facts then existing or which have previously existed, the general rule is that fraud cannot be predicated upon statements promissory in their nature and relating to future actions nor upon the mere failure to perform a

promise, or an agreement to do something at a future time, or to make good subsequent conditions which have been assured. Nor, it is held, is such non-performance alone even evidence of fraud. Reasons given for this rule are that a mere promise to perform an act in the future is not, in a legal sense, a representation, and a failure to perform it does not change its character. Moreover, a representation that something will be done in the future, or a promise to do it, from its nature cannot be true or false at the time when it is made."

And at page 256 that:

"An assertion that one will be indicted for crime and sent to the penitentiary unless a particular thing is done, does not amount to fraud; nor does a declaration that one is going to get out of a company and that the person to whom the representation is made will be voted out."

Finally, the trial court found that the defendant Young was under duress in the signing of the note. The only basis for this conclusion is that the plaintiff's agent said if she did not sign the note he would close the store and she signed it "to prevent the closing of the store, and believing that if she did not sign it the store would be closed." The question is: Does this constitute duress? Beyond doubt, the plaintiff had a right to present its claim. There is no doubt that it had a valid claim for the full amount of the note. Admittedly, the defendant Young owed part of it. Admittedly, Johnson was indebted for the balance. The whole debt was due to the plaintiff from the defendants who were operating the store. The most favorable construction to the defendants is that each owed a part and not the whole. But the defendant Young, according to the evidence of the defendants themselves, purchased it without complying with the Bulk Sales law and under such circumstances as to justify a claim against her for the debts then existing regardless of the exact terms of the purchase. On the other hand, from the standpoint of the plaintiff, the defendants were partners owing the entire debt. Having an undisputed claim, the plaintiff presented it at the same time to both defendants and demanded that if they wanted further time they must sign a note. The evidence shows that at that time the plaintiff's claim constituted the principal indebtedness and that the value of the store was very much less than the debts. The plaintiff's agent told them that unless the note was signed he would close the store.

They signed the note. Now at that time the defendants were in possession of the store and knew that the plaintiff had no power to close it, except by recourse to its legal remedies.

In 9 R.C.L., 722, it is said:

"It is the well established general rule that it is not duress to institute or threaten to institute civil suits, or take proceedings in court, or for any person to declare that he intends to use the courts wherein to insist upon what he believes to be his legal rights. It is never duress to threaten to do that which a party has a legal right to do, and the fact that a threat was made of a resort to legal proceedings to collect a claim which was at least valid in part constitutes neither duress nor fraud such as will avoid liability on a compromise agreement."

The syllabus to the case of **Bartlett v Richardson Co., 27 Oh Ap, 263, (5 Abs 617)** is:

"Fear of impending peril or financial injury or mere fact that one acts with reluctance does not constitute 'duress' which involves illegality, and implies that person has been unlawfully constrained by another to perform act under circumstances which prevent exercise of free will; it not being fraud or duress to what person has legal right to do, regardless of peculiar consequences to others."

In the case of Remington Arms Union Metallic Company v Feeney Tool Co., 18 A. L.R. 1230 (97 Conn., 129, 115 Atl. 629) the plaintiff alleged that an unsettled controversy existed between it and the defendant, that the defendant claimed $4735.04, that it instituted suit against the plaintiff for that amount and directed the officer to attach and in order to prevent the seizure of its property and under compulsion and coercion the plaintiff paid the amount, whereas only $1071.89 was justly due. The plaintiff sought the recovery of the difference. The defendant demurred. The demurrer was sustained. The syllabus is:

"Payment of an illegal claim to avoid an attachment cannot be recovered on the ground that it was made under duress."

The annotation to the case starts with this statement:

"The rule appears to be that the mere fact that an overpayment is made in order to avoid an attachment, threatened or levied, of the alleged debtor's property, is of itself insufficient to constitute duress, so

as to entitle the party making the payment to recover it on this ground."

Of course, many cases may be found in which a recovery has been obtained because of some unlawful act resulting in the involuntary payment of money. These cases are sometimes collected under the heading of "Business Compulsion." But in my opinion no case can be found holding that a creditor having a just claim is guilty of duress by presenting it and demanding that it be placed in the form of a note as a condition to an extension of time, even when the action is against a surety who signed to obtain the extension—and that is the most favorable hypothesis for the defendant Young.

The plaintiff's note was supported to the full amount by the debt that was owing. There was not and could not be a defense on the ground of lack or failure—in whole or in part—of consideration. In addition, by executing the note the defendants obtained an extension of time. I cannot find any reason in the record for relieving either of the defendants from the obligation of the note.

For these reasons, it seems to me the judgment should be reversed.